IRA W. DAHLEY v. ELY & WALKER AND ANOTHER.[1]

February 14, 1936.

No. 30,636.

*Louis P. Johnson,* for relator.
*C. E. Warner,* for respondents.

PER CURIAM.

*Certiorari* to the industrial commission to review an order denying compensation.

The relator-employe is a traveling salesman. He was injured in an accident to his automobile sometime between one and two a. m. on Sunday, September 9, 1934. The determinative question, whether the accident arose out of and in the course of his employment, was determined adversely to him by the commission. We cannot disturb

[1]Reported in 265 N. W. 284.

their conclusion for the simple reason that we cannot disagree with their expressed view that the preponderance of the evidence is against relator.

Earlier in the evening relator had been at a roadhouse where he admits having indulged in 3.2 per cent beer. There is testimony that immediately after the accident an empty liquor bottle was found in his car. There were other *indicia* of intoxication. His claim is that at the time of the accident he was on the way to visit, on Sunday morning, a customer at Blue Earth, some 40 miles from Mankato. He had no appointment with that patron. Moreover, leaving Mankato he did not take the direct road to Blue Earth, but another. His headquarters were in Mankato. To the commission his explanation of having taken the wrong road does not seem to have rung true. The whole of relator's testimony was not of the sort to compel belief. That is always unfortunate for any witness upon whom alone is the burden of proof.

In this connection it should be noted that the evidence is not properly before us. It is certified by the stenographic reporter rather than by the secretary and under the seal of the industrial commission as required by 1 Mason Minn. St. 1927, § 4320.

Order affirmed.